# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-591

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,
a Wisconsin corporation,

    Plaintiff,

v.

TIMOTHY KUZAVA and
KATHY JO KUZAVA,

    Defendants.

## COMPLAINT

Plaintiff American Family Mutual Insurance Company, S.I. ("American Family"), pursuant to Fed. R. Civ. P. 57, 28 U.S.C. § 2201, and 28 U.S.C. § 1332, for its Complaint against Defendants, Timothy Kuzava and Kathy Jo Kuzava (collectively, "Kuzavas"), alleges as follows:

### NATURE OF ACTION

1. This is an insurance coverage and breach of contract civil action seeking a declaration that the Kuzavas have breached their American Family automobile insurance policies, thus voiding their underinsured motorist ("UIM") coverage, and for related breach of contract damages.

### PARTIES

2. Plaintiff American Family is a Wisconsin corporation with its principal place of business at 6000 American Parkway, Madison, Wisconsin.

3. Defendants Timothy and Kathy Jo Kuzava are individuals and residents of the State of Colorado.

## JURISDICTION AND VENUE

4. Jurisdiction exists in this Court under 28 U.S.C. § 1332(a) because the citizenship and residence of the Plaintiff is completely diverse from the citizenship and residence of the Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue exists in this Court by virtue of 28 U.S.C. § 1391. The claim is being brought in a judicial district in which a substantial part of the events or omissions giving rise to American Family's claim occurred, including the breach of the insurance contract.

## FACTS

**A.    The Kuzavas' Insurance Policies**

6. On June 7, 2013, Mr. Kuzava was driving a 2002 Lexus RX300 westbound on Interstate 70 in Eagle County, Colorado when Eric Kubby, operating a commercial truck in the course and scope of his employment for Lyon Trucking, Inc., struck Mr. Kuzava's vehicle from the rear ("the Accident") (Eagle County Complaint, attached as Exhibit 1).

7. Lyon Trucking, Inc. carried liability insurance with United Fire & Casualty Co. covering exposure for the Accident with an applicable limit of $1 million.

8. At the time of the accident, the Kuzavas were insured under 4 separate American Family automobile insurance policies (attached as Exhibits 2-5), and an American Family umbrella liability policy (attached as Exhibit 6), all of which provided for UIM benefits according to their respective terms. The 4 automobile policies are identical to each other, except for the identity of the 4 separate vehicles covered. The potentially applicable limit of each policy

was $250,000. The umbrella policy provides additional UIM coverage, to the extent of the potentially applicable limit of $2 million, and subject to the underlying terms of the automobile policies.

9. The Kuzavas' auto policies each state that:

"If **we** are prejudiced by a failure to comply with the following duties, then we have no duty to provide coverage under this policy
…

B.  Other Duties
  1  Each person claiming any coverage of this policy must also:
      a. cooperate with **us** and assist us in any matter concerning a claim or lawsuit
      …
      g. cooperate with us and, when asked, assist in:
          (1) making settlements

      …

      i. not, except at their own expense, voluntarily
          (1) make any payment or assume any obligation to others
      …

      j. not voluntarily make any agreement that would be binding on us."

(Exhibits 2-5, p. 5, ¶ B) (emphasis in original indicating defined terms).

10. The American Family policies also obligate the Kuzavas to preserve American Family's ability to seek recovery through subrogation or otherwise from any responsible third parties. The policy language provides as follows:

"**Our** Recovery Rights
If **we** pay under this policy, **we** are entitled to all the rights of recovery of the person to or for whom payment was made. That person must:

a. sign and deliver to us any legal papers relating to that recovery;

b. do whatever else is needed to help us exercise those rights; and

3

    c.  do nothing after loss to harm **our** rights.

When **we** make a payment to or for a person who also collects from another, the amount collected will be repaid to us to the extent of **our** payment."

(*Id*., at p. 12, ¶ 6) (emphasis in original indicating defined terms).

    11.    The Kuzavas also agreed in the policies to cooperate with American Family in all settlements and defenses of any claim or lawsuit.  That provision states in its entirety:

"Cooperation
Any person claiming any coverage of this policy must cooperate with **us** in the investigation, settlement and defenses of any claim or lawsuit."

(*Id.*, at ¶ 5) (emphasis in original indicating defined terms).

    12.    Further, the Kuzavas' policies include an exclusion that applies if the Kuzavas make any settlements without American Family's written consent:

"D.  EXCLUSIONS

1. We do not provide coverage for bodily injury sustained by any insured person:
    a.  who makes or whose legal representative makes a settlement without our written consent with any person or organization who may be liable for the bodily injury."

(*Id.,* at p. 16, ¶ D).

    13.    The Kuzavas' umbrella policy also makes clear that they needed American Family's permission before entering any settlements or releasing any of American Family's rights of contribution or indemnity with respect to potentially responsible third parties:

"CONDITIONS
…

3. What Must be Done in Case of Loss.  In the event of an accident or occurrence which this insurance may cover, you must:
…
    c.  At our request, assist us in:
        (1) Making settlement;

4

> (2) Enforcing any right of contribution or indemnity against any person or organization who may be liable to any insured; and
> (3) Any matter relating to a claim or suit."

(Exhibit 6, p. 8, ¶ 3)

14. The umbrella policy also specifically notes that American Family has a right of subrogation and that the Kuzavas have a contractual obligation not to prejudice American Family's subrogation rights:

> "**CONDITIONS**
> …
>
> 19. **Subrogation – Our Right to Recover Payment**. In the event **we** make a payment under this policy, **we** are entitled to exercise the **insured's** rights of recovery against any person liable for the loss. The **insured** must do nothing after a loss to prejudice those rights…
>
> 20. **Cooperation**. **You** must cooperate with **us** in performing all acts required by this policy."

(*Id.*, at p. 10) (bold in original indicating defined terms).

### B.   Colorado State Court Proceedings

15. On December 5, 2014, the Kuzavas filed a lawsuit in Eagle County District Court against Mr. Kubby, along with his employer, Lyon Trucking, Inc., in a case captioned *Timothy Kuzava and Kathy Jo Kuzava v. Lyon Trucking, Inc. et al.*, District Court, Eagle County, Colorado, Case No. 2014 CV 30452 (the "Eagle County Action") seeking recovery for injuries they suffered in the Accident. (Exhibit 1).

16. The Kuzavas later amended their Complaint in the Eagle County Action to add the owner of Lyon Trucking, Inc., Lyon Chaves, and a related entity, L.C. Trucking LLC. (Amended Complaint, Exhibit 7).

5

17.     On November 20, 2015, while the Eagle County Action was still pending and pre-trial proceedings were underway, the Kuzavas filed a lawsuit in Denver County District Court against American Family, in a case captioned *Timothy Kuzava and Kathy Jo Kuzava v. American Family Mutual Insurance Company*, Case No. 2015 CV 34098 (the "Denver Bad Faith Action") (Denver County Complaint, Exhibit 8).

18.     The Kuzavas served their Complaint on March 7, 2016.  On March 29, 2016, American Family timely filed its Answer.  (Answer, Exhibit 9.)

19.     Despite the fact that the amount of damages to which the Kuzavas were legally entitled from the Lyon Trucking Defendants was the subject of vigorous factual dispute in the Eagle County Action, the Denver Bad Faith Action alleged that American Family was in breach of its obligations to pay UIM benefits to the Kuzavas.

20.     On May 16, 2016, the Kuzavas and American Family agreed to stay the Denver District Court action until "after the conclusion of Plaintiffs' pending personal injury trial in Eagle County, Colorado."  (Joint Motion to Stay Case and Vacate the Current Trial Date, Exhibit 10.)

21.     Less than 10 days later, on May 27, 2016, without disclosure to American Family or any request for its approval, the Kuzavas entered into a binding arbitration agreement with Mr. Kubby, Lyon Trucking, Mr. Chaves, and LC Trucking ("Lyon Trucking Defendants").

22.     The parties called their agreement a "Change of Venue Agreement and Assignment of Claims." ("Arbitration Agreement") (Exhibit 11).  However, the Arbitration Agreement was in fact a settlement agreement that compromised and extinguished the Kuzavas' rights to recover any judgment against the Lyon Trucking Defendants.

6

23. Under the Arbitration Agreement, the parties waived their rights to a jury trial and instead agreed to seek a transfer of venue from the case in Eagle County District Court to a private binding arbitration before Judge Briggs at the Judicial Arbitration Group.

24. As part of the Arbitration Agreement, the Lyon Trucking Defendants acknowledged that they had a potential claim against Lyon Trucking's liability insurer, United Fire & Casualty Co., for bad faith and agreed to assign those claims to the Kuzavas.

25. In exchange, the Kuzavas agreed not to enforce any judgment resulting from the arbitration with Judge Briggs against any of the Lyon Trucking Defendants and to provide them with a satisfaction of any money judgment that the Kuzavas may obtain against the Lyon Trucking Defendants. The Arbitration Agreement provides:

> "Plaintiffs [Kuzavas] hereby covenant and agree not to execute on or otherwise attempt to enforce any judgment resulting from the trial with Judge Briggs in this matter, so long as Defendants have performed their obligations under this Agreement. Plaintiffs shall deliver to Defendants a satisfaction of any judgment against Defendants in this matter on the earliest to occur of the following:
>
> a. Resolution of the Bad Faith Litigation through a settlement agreement; or
>
> b. upon resolution of the Bad Faith Litigation, regardless of the outcome of that litigation, following the exhaustion of all rights of appeal."

(Exhibit 11, ¶ 5).

26. At the time the Kuzavas executed the Arbitration Agreement they were represented by counsel.

27. By agreeing not to execute upon any judgment they obtained against the Lyon Trucking Defendants, the Kuzavas effected a settlement that voided American Family's subrogation rights against those parties and thereby caused substantial prejudice to American Family's contractual rights under the Kuzavas' policies.

7

28. On November 10, 2016, the arbitrator issued his award in favor of the Kuzavas for a total of $3,336,887.03, including prejudgment interest, consisting of $3,155,762.54 to Mr. Kuzava, and $181,124.49 to Ms. Kuzava. The Kuzavas disclosed the award to American Family on November 14, 2016.

29. On November 18, 2016, immediately after learning the amount of the arbitral award and thus confirming the attendant scope of prejudice to its rights, American Family moved to amend its Answer in the Denver Bad Faith Action to add affirmative defenses that would specifically allow it to claim that the Kuzavas had voided their insurance coverage by executing and implementing the Arbitration Agreement. (Motion to Amend, Exhibit 12.)

30. On January 11, 2017, the Denver District Court denied the Motion to Amend, thereby preventing American Family from raising its coverage defenses. (Order, Exhibit 13.) In a brief Order, the Court stated, apparently in reference to the non-cooperation/no coverage defense proposed in the amendment that it was "untimely" and would therefore "prejudice" the Kuzavas. Although not stated specifically in the Order, this finding of untimeliness was presumably based on the September 20, 2016 deadline for amendments, established by the Case Management Order. (*Id.*).

31. At the time American Family filed its Motion to Amend on November 18, 2016, the trial date set in the case was (and still is) April 10, 2017.

32. American Family filed a motion to clarify the Court's January 11 Order on January 20, but the Court denied that motion as well on February 17. (Motion to Clarify, Exhibit 14; Order, Exhibit 15.)

## COUNT I
### (DECLARATORY JUDGMENT)

33. American Family states and realleges the allegations contained in the paragraphs above and reincorporates the same as if fully set forth herein.

34. By their conduct as alleged in Paragraphs 15 to 32 of this Complaint, the Kuzavas violated their obligations under the American Family policies and in doing so substantially prejudiced American Family by, among other things, voiding American Family's subrogation rights against the Lyon Trucking Defendants, failing to cooperate with American Family in pursuing the Lyon Trucking Defendants, making an agreement with the Lyon Trucking Defendants without American Family's consent that abandoned the jury trial proceeding and committed the case to a binding, private arbitration, entering into a settlement without American Family's consent, and releasing American Family's rights of contribution and indemnity as to potentially responsible third parties without American Family's consent.

35. A live controversy exists between the Kuzavas and American Family regarding the rights of the parties under the Kuzavas' insurance policies.

36. American Family is entitled to a declaration that the Kuzavas violated their obligations under the policies, causing material prejudice to American Family and that as of the date of the Arbitration Agreement, the Kuzavas' insurance coverage with American Family was void and of no further effect.

**WHEREFORE**, American Family seeks a declaratory judgment under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 that:

a) The Kuzavas breached the relevant provisions of their American Family policies by executing and implementing the Arbitration Agreement on May 27, 2016; and

9

b) The Kuzavas have no right or entitlement to UIM or any related benefits under the American Family policies as of May 27, 2016, as a result of their breach.

## COUNT II
### (BREACH OF CONTRACT)

37. American Family states and realleges the allegations contained in the paragraphs above and reincorporates the same as if fully set forth herein.

38. The Kuzavas have automobile insurance policies and an umbrella policy with American Family that constitute contracts.

39. On May 27, 2016, the Kuzavas breached their insurance policies with American Family by executing and implementing the Arbitration Agreement.

40. American Family performed all of its contractual obligations under the Kuzavas' insurance policies.

41. The Kuzavas are liable to American Family for any and all damages that American Family has or will suffer as a direct and proximate result of the Kuzavas' breach.

**WHEREFORE**, American Family seeks a judgment for all money damages arising from the Kusavas' breach of their insurance policies with American Family.

Respectfully submitted this 6th day of March, 2017.

        *s/ Todd P. Walker*
        Michael S. McCarthy
        Todd P. Walker
        Ll. Rhyddid Watkins
        FAEGRE BAKER DANIELS LLP
        1700 Lincoln Street, Suite 3200
        Denver, Colorado  80203
        Phone Number: (303) 607-3500

        Email:   michael.mccarthy@FaegreBD.com
                 todd.walker@FaegreBD.com
                 rhyddid.watkins@FaegreBD.com

Laurence W. DeMuth, III
FAEGRE BAKER DANIELS LLP
1470 Walnut Street, Suite 300
Boulder, Colorado 80302
Telephone: (303) 447-7700
Email:   trip.demuth@FaegreBD.com

*Attorneys for Defendant American Family Mutual Insurance Company, S.I.*

Plaintiff's Address:
6000 American Parkway
Madison, WI 53783

US.110242413.07

11